UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE: THOMAS J. MORGAN,
                  Defendant.

Case No. 15-39498
Chapter 7

CTA SOUTH SHOP & UTILITY FEDERAL CREDIT UNION,

                  Plaintiff,

V.

THOMAS J. MORGAN,

                  Defendant.

**COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. S523 (a) (2) (A) AND/OR S523 (a) (2) (C)**

A.P. No. x:16 ap- 00060

Hon. JACK B. SCHMETTERER

## FINDINGS OF FACT & CONCLUSIONS OF LAW

*Following entry of Default Order,*

~~CTA SOUTH SHOP & UTILITY FEDERAL CREDIT UNION, the Plaintiff herein, by AMY A. ARONSON, its attorney, requests~~ that the Court adopt the following Findings of Fact and Conclusions of Law, and enter judgment *will separately* in favor of the Plaintiff in this matter.

### FINDINGS OF FACT

Plaintiff brought this adversary pursuant to 11 USC Sec 523(a)(2). This court has jurisdiction to hear the proceeding pursuant to 28 USC Sec 1334 and Sec. 157. This is a core proceeding.

The defendant filed for bankruptcy relief on November 19, 2015. Plaintiff was a named creditor in the debtor's chapter 7 bankruptcy.

The adversary arises out of two loans between the defendant and plaintiff. The first loan was made on September 22, 2015. The loan was made in the amount of $3,000.00. In November, 2015 a second personal loan was made. Both loan documents were attached to the complaint.

The debtor had already taken Credit Counseling in contemplation of bankruptcy. According to the certificate filed with the court, the Credit Counseling was obtained September 11, 2016. The credit counseling certificate was filed as an attachment to the complaint.

The complaint was filed on January 27, 2016. It was served on the Defendant and Debtor's counsel on the same day. The answer was due on or before February 27, 2016. No answer or appearance was filed in this matter.

## CONCLUSIONS OF LAW

That the loans were made within 90 days prior to the filing of the Defendant's bankruptcy petition.

That pursuant to 11 U.S.C. §523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud. That Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff.

That the money, property, and/or services obtained by the Defendant advanced by the Plaintiff on the Account were obtained by Defendant's false representations, false pretenses, or actual fraud.

The Plaintiff relied upon the Defendant's representations of intent to repay the Plaintiff pursuant to the terms of the account loan agreements and representations of agreement to abide by the terms of the account agreements. The Defendant did not advise the Plaintiff that he would be unable to honor the above representations or that he would be unable to abide by the terms of the account agreement at the time that he made the representations and made the charges set forth in Exhibit A, attached to the complaint.

The Plaintiff was justified in its reliance upon the Defendant's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement. The Defendant incurred the abovementioned $2500.00 and $3000.00 in loans from the Plaintiff's account at a time

when the Defendant was unable to meet his existing financial obligations as they became due.

Based upon all the above, at the time the Defendant incurred the abovementioned $5,500.00 in loans, the Defendant intended to deceive the Plaintiff in that he either had no intention to repay said debts to the Plaintiff pursuant to the terms of the account agreement or the Defendant knew or should have known that he had no ability to repay said debt to the Plaintiff pursuant to the terms of the account agreement.

Based upon all of the above, at the time the Defendant incurred the abovementioned $5,500.00 in charges, the Defendant deceived the Plaintiff in that he made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the Defendant was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

Therefore, the Defendant obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $5,500.00, and for the above reasons, this indebtedness to Plaintiff, CTA SOUTH SHOP & UTILITY FEDERAL CREDIT UNION, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

ENTER: 4/11/16

JUDGE: [signature]

APR 1 1 2016

Amy A. Aronson (ARDC 06206512)
Aronson & Walsh, P.C.
P.O. Box 5907
Vernon Hills, IL 60061
847-247-1810
Attorneys for Plaintiff
amyaronson@comcast.net